UNITED STATES, Appellee

v

JOSEPH M. SAKAYE, Airman Third Class, U. S. Air Force, Appellant

11 USCMA 680, 29 CMR 496

No. 13,943

Decided July 22, 1960

*Major Quincey W. Tucker, Jr.*, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel James L. Kilgore*.

*Captain Richard T. Yery* argued the cause for Appellee, United States. With him on the brief was *Colonel John F. Hannigan*.

Opinion of the Court

HOMER FERGUSON, Judge:

Tried by general court-martial, the accused was found guilty of separate specifications of assault and battery and assault with a dangerous weapon, in violation of Uniform Code of Military Justice, Article 128, 10 USC § 928, and indecent liberties with a female under the age of sixteen years, in violation of Code, supra, Article 134, 10 USC § 934. He was sentenced to dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for three years, and reduction to the lowest enlisted grade. Intermediate appellate authorities affirmed, and we granted accused's petition for review on the issue whether certain instructions by the

law officer with respect to the offense of indecent liberties were proper.

The facts need not be set forth in detail. Suffice it to say that the Government competently proved that the accused took indecent liberties with the fifteen-year-old victim by extensively fondling her body. In his instructions to the court-martial, the law officer carefully delineated the elements of the various crimes charged. With respect to the allegations that the accused had taken indecent liberties with a minor female, with intent thereby to arouse both parties' passion and sexual desire, he remarked:

"With reference to proof of intent, the court is advised that intent

ordinarily cannot be proved by direct evidence unless, for example, an accused has been overheard to make a statement of his intent. You are advised, however, that intent may be proved by circumstantial evidence, that is, by facts and circumstances from which, alone or in connection with other facts, you may, according to the common experience of mankind, reasonably infer the existence of an intent. The weight, if any, to be given an inference of the accused's intent must of course depend upon the circumstances attending the proved facts which give rise to the inference, as well as all the other evidence in the case. It is for you to make this determination.

. . . . .

"If the court is satisfied beyond a reasonable doubt that the accused fondled . . . [his victim] and placed his hands upon her body, as alleged in the specification of Charge II, *it may consider that the intent to arouse the passions and sexual desires, as alleged, was inherent in the acts of the accused. I caution you that this is only to indicate to you that you may consider that the intent to arouse the passions and sexual desires, as alleged, was inherent in the acts of the accused.*" [Emphasis supplied.]

Appellate defense counsel contend that the emphasized portion of the instructions took from the court-martial the factual question of accused's intent in committing the acts alleged and re-quired it as a matter of law to find the existence of that intent if it concluded beyond a reasonable doubt that he had fondled his victim. We do not agree.

True it is that in United States v Miller, 8 USCMA 33, 23 CMR 257, we pointed out that the law officer may not instruct a court-martial that intent *must* be presumed, as a matter of law, from proof of accused's criminal acts. See also United States v Crowell, 9 US CMA 43, 25 CMR 305. Nevertheless, there is considerable difference between the terms "must" and "may." The former auxiliary imports a requirement that the court members infer the necessary intent. The latter is only permissive. As we pointed out in United States v Miller, supra; United States v Ball, 8 USCMA 25, 23 CMR 249; and United States v Hairston, 9 USCMA 554, 26 CMR 334, the court may properly be instructed concerning permissive inferences. That is all that was done here. Indeed, the law officer's language is little more than an adaptation of the inference that an accused intends the natural and probable consequences of his acts to the facts alleged and supported by the evidence in accused's case. As it can hardly be argued that his acts do not permit one factually to infer an intent to arouse the passion and desires of the persons involved, we are unable to perceive any error in the instruction.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.