**UNITED STATES, Appellee,**

v.

**Captain Melvin R. LINDSAY, SSN 225–60–6887, United States Army, Appellant.**

**CM 439240.**

U. S. Army Court of Military Review.

31 March 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Grifton E. Carden, JAGC, and Major Robert D. Ganstine, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Captain Rexford T. Bragaw, III, JAGC, and Captain Eugene R. Milhizer, JAGC, were on the pleadings for appellee.

Before JONES, GARN and LEWIS, Appellate Military Judges.

OPINION OF THE COURT

JONES, Senior Judge:

We are confronted in this case with the question of whether lying to a criminal investigator about a subject of official in-

---

vestigation is conduct unbecoming an officer and gentleman. We hold that it is and we affirm.

The appellant was convicted of violating a regulation (three specifications) and conduct unbecoming an officer (two specifications) in violation of Articles 92 and 133, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 933.[1] He was sentenced to be dismissed from the service and to forfeit $500.00 per month for 10 months. The convening authority approved the sentence. We are reviewing the case pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866.

The appellant's offenses arose from his blackmarket activities in Korea and from his subsequent attempts to cover up those activities. The circumstances are briefly as follows: When the appellant purchased several high-value, controlled items from the post exchange, his supervisor told him that just before he (appellant) departed from Korea he would have to account for those items by showing either that he still possessed them or that he had disposed of them properly. When the time for accountability arrived, appellant told his supervisor that he had sold certain of the items and given others away. He furnished two bills of sale to support his statement. He denied purchasing three items of stereo equipment for which he was being held accountable.[2]

The appellant's supervisor, noting the absence of the required authentication on the bills of sale and wanting further information concerning the stereo purchases, asked one of his criminal investigators to inquire into the matter. This led to a formal investigation and the resultant trial by general court-martial.

At trial the appellant contended that that portion of the Eighth Army regulation requiring him to present valid documentation or information as to continued possession or proper disposition of controlled items violated his constitutional privilege against self-incrimination. The military judge denied his motion to dismiss, ruling that the regulation was not violative of his individual rights. The appellant has not pursued that contention here. We think the military judge ruled correctly. The control of blackmarket activities was an appropriate subject of governmental concern and the regulation was a valid exercise of that legitimate interest. *California v. Byers*, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971); *Shapiro v. United States*, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948). *Cf. United States v. Smith*, 4 M.J. 210 (CMA 1978).

Before this Court the appellant attacks the military judge's finding of guilty of conduct unbecoming an officer by making a false statement to the criminal investigator as to his disposition of the controlled items.[3] The specification as charged included an allegation that the statement was made under oath, and the same act was also charged as false swearing under Article 134, UCMJ, 10 U.S.C. § 934. The appellant contended the statement was not made under oath. As indicated above (footnote 2), the military judge acquitted appellant of false swearing and deleted the "under oath" language from the Article 133, UCMJ, offense. The appellant now contends that lying to a criminal investigator about the offenses of which he was suspected is not conduct unbecoming an officer. We disagree.

---

1. Charge I: Article 92
   1. Failing to present valid documentation or information relating to continued possession or disposition of controlled items.
   2. Wrongfully transferring controlled items.
   3. Wrongfully transferring controlled items.
   Charge II: Article 133
   1. Providing false and fraudulent information relating to continued possession or disposition of controlled items.
   2. Making false statement regarding disposition of controlled items.

The appellant was acquitted of false swearing under Article 134, a variation in charging (Charge III).

2. The appellant was acquitted of failing to account for the stereo equipment and of furnishing false information and making a false statement concerning that equipment.

3. The appellant pleaded guilty to the other Article 133 offense.

**552**

Conduct unbecoming an officer within the meaning of Article 133, UCMJ,

> is action or behavior in an official capacity which, in dishonoring or disgracing the individual as an officer, seriously compromises his character as a gentleman, or action or behavior in an unofficial or private capacity which, in dishonoring or disgracing the individual personally, seriously compromises his standing as an officer. Paragraph 212, Manual for Courts-Martial, 1969 (Revised edition).

Colonel Winthrop in his treatise described the conduct as follows:

> To constitute therefore the conduct here denounced, the act which forms the basis of the charge must have a double significance and effect. Though it need not amount to a crime, it must offend so seriously against law, justice, morality or decorum as to expose to disgrace, socially, or as a man, the offender, and at the same time must be of such a nature or committed under such circumstances as to bring dishonor or disrepute upon the military profession which he represents.

 We find that the appellant's intentional deception of the criminal investigator on the subject matter of an official inquiry amounted to conduct unbecoming an officer. Lying to the military official on a matter of official concern completely compromised appellant's status as an officer and gentleman. Even though making a false statement to a criminal investigator generally is no offense, absent an independent duty to account, *United States v. Aronson*, 8 U.S.C.M.A. 525, 25 C.M.R. 29 (1957), the special status of an officer and the position of trust he occupies makes the intentional deceit a crime under Article 133. *United States v. Gomes*, 3 U.S.C.M.A. 233, 11 C.M.R. 232 (1953); *United States v. Daggett*, 11 U.S.C.M.A. 681, 29 C.M.R. 496 (1960). Appellant also had the duty to account for the controlled items he purchased. His possession of and accountability for those sensitive items was analogous to an individual's duty to account for government funds entrusted to his control. The false statement made to a law enforcement agent in the course of that accounting was official and amounted to an offense. *United States v. Davenport*, 9 M.J. 364 (CMA 1980); *United States v. Aronson, supra.*

The findings of guilty and the sentence are affirmed. To preclude any misunderstanding as to application or deferment of the forfeitures, the forfeitures do not become effective until the sentence is ordered executed.

Judge GARN and Judge LEWIS concur.