UNITED STATES, Appellee

v.

William O. COTTRILL, Staff Sergeant
U.S. Air Force, Appellant.

No. 96–0138.
Crim.App. No. 30951.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 3, 1996.

Decided Jan. 24, 1997.

For Appellant: *Captain Marge A. Overly* (argued); *Colonel Jay L. Cohen* (on brief); *Major Ormond R. Fodrea.*

For Appellee: *Captain Mitchel Neurock* (argued); *Lieutenant Colonel Michael J. Breslin* and *Major Allen G. Erickson* (on brief); *Colonel Theodore J. Fink.*

*Opinion of the Court*

SULLIVAN, Judge:

During July of 1993, appellant was tried by a general court-martial composed of officer members at Plattsburgh Air Force Base, New York. Contrary to his pleas, he was found guilty of committing indecent acts with his 3 1/2-year-old daughter, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to a dishonorable discharge, confinement for 6 years, and reduction to E–1. The Court of Criminal Appeals reduced his sentence in an unpublished opinion (1995 WL 611299) to a bad-conduct discharge, confinement for 4 years, and reduction to E–1.

This Court specified the following issue for review:

> WHETHER THE EVIDENCE IS SUFFICIENT AS A MATTER OF LAW TO SUSTAIN THE FINDINGS OF GUILTY AND/OR APPELLANT'S CONFESSION.

We hold that the evidence in this case is sufficient as a matter of law to sustain admission of appellant's confession and the findings of guilty. *See United States v. Sever,* 39 MJ 1 (CMA 1994)(kissing child can be indecent assault depending upon surrounding circumstances).

The Court of Criminal Appeals summarized the facts of this case as follows:

> Appellant was a single parent caring for his young daughter, CC. One day CC told her preschool teacher that "her privates hurt" and a joint military and civilian investigation followed. During a subsequent medical examination, CC also told Doctor Hickey that "her privates hurt." In response to his questions, she indicated that her daddy touched her there with his arms. The medical examination was inconclusive, although the findings were different from a prior pelvic examination conducted three weeks earlier. Over the course of two interviews with Air Force Office of Special Investigations (AFOSI) agents, appellant admitted to bathing his daughter, washing her genital area, powdering her, and to placing his finger in her. However at trial he challenged the admis-

sibility of these statements and claimed that he hadn't done anything wrong.

Unpub. op. at 2.

A review of the record reveals that, in his first statement, appellant admitted to touching his daughter's vaginal area in the process of bathing and powdering her. He asserted that his daughter enjoyed when he powdered her private area. He denied deliberately putting his finger into her vagina, but he admitted that he may have accidentally snagged or scratched her. He also admitted that, on occasion, he experienced an erection after rubbing powder on her private area.

In his second statement, made the following day, appellant admitted putting his finger into his daughter's vagina for ten to fifteen seconds and he stated that he "got sexually excited and an erection most of the time when I have my finger in her." Appellant admitted that he would "wait until after she [was] asleep and masturbate." Appellant stated, "I never masturbated in front of my daughter. She never knew that I got any excitement out of doing this to her." Appellant admitted that he "knew it was wrong to touch her" and that "it had to stop." Appellant finally admitted to touching his "daughter's private once every couple of weeks at most."

———

■ Appellant's initial claim on this appeal is that his conviction for committing indecent acts with a child was not based on legally sufficient evidence. *See generally United States v. Hoggard*, 43 MJ 1 (1995). He argues that his purported confessions on December 8 and 9, 1992, do not establish all the elements of that crime. In particular, he asserts that neither of his pretrial statements to military police established that his acts were indecent or that they were done with an intent to gratify his sexual desires. Instead, he contends that the evidence in this case shows only that he rubbed his daughter's vagina and inserted his finger therein as part of her normal bathing process. We disagree.

■ Legal sufficiency is tested by asking whether, considering the evidence in the light most favorable to the prosecution, any ration-al trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Garner*, 43 MJ 435, 437 (1996); *United States v. Turner*, 25 MJ 324 (CMA 1987). Appellant was found guilty of committing indecent acts with his 3½-year-old daughter in violation of Article 134. The specification states:

In that [appellant] did, within the territorial limits of the State of New York, on divers occasions between on or about 31 August 1992 and on or about 1 January 1993, commit indecent acts upon the body of [CC], a female under 16 years of age, not the wife of the said [appellant] by rubbing her vaginal area, and by placing his finger inside her vagina, with intent to arouse and gratify the lust and sexual desires of the said [appellant].

■ In his first statement, appellant did state that he touched his daughter's vaginal area while bathing her. However, he further indicated that he generally touched his daughter in her vaginal area to make her feel good and to relax her. In his second statement, appellant admitted that he deliberately penetrated her vagina with his finger, and he stated that she said she enjoyed it. Finally, appellant acknowledged that he was sexually aroused by these touchings to the point of masturbation. Clearly, appellant on appeal is not free to ignore unfavorable parts of his pretrial statements in arguing legal insufficiency. *See generally United States v. Williams*, 21 MJ 360, 362 (CMA 1986).

More particularly, the thrust of appellant's argument is that it was unreasonable for a factfinder to find his conduct indecent under the circumstances of his case as he describes them. *See United States v. Hoggard, supra.* Indecency for purposes of this offense is generally understood to mean "that form of immorality relating to sexual impurity which is not only grossly vulgar, obscene, and repugnant to common propriety, but tends to excite lust and deprave the morals with respect to sexual relations." *See* para. 90c, Part IV, Manual for Courts–Martial, United States, 1984. In finding this element of the

offense in a particular case, this Court has repeatedly held that the factfinder must consider *all the circumstances* surrounding the act, not just those favorable to an accused. *See United States v. Tindoll,* 16 USCMA 194, 195, 36 CMR 350, 351 (1966); *see generally United States v. Holland,* 12 USCMA 444, 445, 31 CMR 30, 31 (1961) ("Under some circumstances a particular act may be entirely innocent; under other conditions, the same act constitutes a violation of the Uniform Code.").

In this light, appellant's claim of appropriate parental conduct must fail. The record before us established that an adult male repeatedly touched a 3½-year-old girl around and in her vagina to the point of physical pain. Evidence that these vaginal touchings and penetrations were performed by her father during the bathing process does not diminish the obvious depravity of such sexual abuse. Moreover, evidence of the child victim's purported enjoyment of the powdering or the vaginal penetrations by her father does not make it any less outrageous or repugnant to common propriety. Finally, appellant admitted that these acts excited his lust to the point of masturbation at a later time and place. In our view, a reasonable factfinder could conclude that appellant's actions were indecent under all the circumstances of this case. *See United States v. Tindoll, supra.*

■ Appellant also contends that his pretrial statements do not establish that he touched his daughter with an intent to gratify his sexual desires, and that there was no other evidence of this specific intent. *See* para. 87b(1)(d), Part IV, Manual, *supra.* Admittedly, appellant did not expressly state in his pretrial statements that he had such a sexual intent. However, direct evidence of sexual intent is not required for conviction of indecent acts with a child, and ample circumstantial evidence of such an intent did exist in this case. *See generally United States v. Sakaye,* 11 USCMA 680, 681, 29 CMR 496, 497 (1960). Most strikingly, appellant admitted sexual arousal and excitement when powdering his daughter and inserting his finger into her vagina. He also admitted to mastur-

bating after these touchings but not in her presence. Such evidence circumstantially showed that appellant touched his daughter with an intent to gratify his sexual desires. *See United States v. Sever, supra; United States v. Sanchez,* 11 USCMA 216, 219, 29 CMR 32, 35 (1960).

■ Perhaps sensing the inherent weakness of his initial arguments in this case, appellant adopts an alternative approach to the legal insufficiency question. He notes that his conviction, if sustainable at all, was largely dependent on his pretrial statements. He alternatively contends that these pretrial statements to law enforcement agents were inadmissible because they were involuntary and lacked sufficient corroboration. *See* Mil. R. Evid. 304(a) and (g), Manual, *supra.* Accordingly, on this basis he persists in his claim that his conviction for indecent acts was based on legally insufficient evidence.

■ The voluntariness of a confession depends on "the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation." *United States v. Martinez,* 38 MJ 82, 86 (CMA 1993), citing *Schneckloth v. Bustamonte,* 412 U.S. 218, 226, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973); *accord Arizona v. Fulminante,* 499 U.S. 279, 285, 111 S.Ct. 1246, 1251, 113 L.Ed.2d 302 (1991). The Government must prove voluntariness by a preponderance of the evidence. *Martinez, supra* at 87. Voluntariness of a confession is ultimately a legal question, *see Miller v. Fenton,* 474 U.S. 104, 110, 106 S.Ct. 445, 449, 88 L.Ed.2d 405 (1985), and this Court owes no deference to the appellate court below or the military judge in deciding this question. *Mincey v. Arizona,* 437 U.S. 385, 398, 98 S.Ct. 2408, 2416, 57 L.Ed.2d 290 (1978); *Martinez, supra* at 86.

■ The military judge's special findings of fact, unless clearly erroneous, are the basis upon which we rely to determine the voluntariness of an accused's confession. *See Martinez, supra* at 86 ("[M]ilitary judge's detailed findings ... surely do offer support to a legal conclusion

of involuntariness."); *id.* at 87 (Sullivan, C.J., concurring)("[M]ilitary judge's factual conclusion ... is deserving of great weight in the voluntariness analysis."). The military judge here found as fact that appellant was read his rights; he waived them on an Air Force Form 1168; he was not threatened by law enforcement officials; he was cooperative during the interview; he swore to an oath that the statement was voluntary and truthful; he made several pen and ink changes to the statement; and then signed it.

Admittedly, there was also evidence in the record that he was tired and distraught about his daughter during the two interviews by law enforcement agents; that his interrogators acted in an authoritative manner and that he was a "weak minded person." Such evidence, however, does not dictate a conclusion that appellant's confession was involuntary. *See United States v. Robinson,* 26 MJ 361, 366–67 (CMA 1988)(appellant's "weak character" did not make confession involuntary). Moreover, the record as a whole does not support a finding that appellant was so tired that his will was overborne. *See Boggs v. Bair,* 892 F.2d 1193, 1199 (4th Cir.1989)(record supported finding that defendant was not "so intoxicated that his will was overborne"). Finally, we are persuaded that the interrogators' manner, appellant's concern for his daughter, and his subservient personality did not lead him to falsely incriminate himself. *See Colorado v. Connelly,* 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986); *United States v. Morgan,* 40 MJ 389, 394 (CMA 1994); *cf. Mincey v. Arizona, supra.*

 Appellant's second argument in support of inadmissibility of his pretrial statements is that they lacked sufficient corroboration and, therefore, that the military judge erred in admitting them into evidence. He asserts that his admission that he inserted his finger into his daughter's vagina with an evil intent was not shown by other evidence to be trustworthy. In making this argument, he relies on our case law and Mil.R.Evid. 304(g). The latter states:

An admission or a confession of the accused may be considered as evidence against the accused ... only if independent evidence, either direct or circumstantial, has been introduced that corroborates the essential facts admitted to justify sufficiently an inference of their truth.

 The corroboration requirement for admission of a confession at court-martial does not necessitate independent evidence of all the elements of an offense or even the *corpus delicti* of the confessed offense. *See United States v. Maio,* 34 MJ 215, 218 (CMA 1992). Rather, the corroborating evidence must raise only an inference of truth as to the essential facts admitted. *Id.; United States v. Rounds,* 30 MJ 76, 80 (CMA 1990). Moreover, while reliability of the essential facts must be established, it need not be done beyond a reasonable doubt or by a preponderance of the evidence. *Maio, supra* at 218 n. 1; *see United States v. Melvin,* 26 MJ 145, 146 (CMA 1988)(quantum of corroboration needed "very slight"); *United States v. Yeoman,* 25 MJ 1, 4 (1987)(corroboration needed "slight"). We have closely analyzed the evidence in every case before us to determine whether a confession has been sufficiently corroborated. *See Maio, supra* at 218–19; *see generally* C.A. Wright, *Federal Practice and Procedure* § 414 (1982).

In the case *sub judice,* appellant expressly admitted that he inserted his finger into his daughter's vagina for 10–15 seconds on several occasions under circumstances indicating he derived sexual gratification from these acts. The trustworthiness of his admissions to these acts of sexual abuse was supported by other evidence in the record. First, Doctor Hickey testified that, during a medical examination of appellant's daughter (CC), the young girl said her "privates" hurt. That same doctor also testified that CC then said, "[M]y Daddy touches my privates," as the reason why she hurt. Finally, Doctor Hickey testified that after multiple examinations of CC, there appeared to be an unnatural opening in CC's hymen, and it was his opinion that it was caused by sexual abuse. This evidence tends to show that sexual injury was inflicted on appellant's daughter and supports appellant's pretrial admissions to the acts causing such injury. *See United*

*States v. Snearley,* 15 USCMA 462, 465–66, 35 CMR 434, 437–38 (1965).

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges CRAWFORD, GIERKE, and EFFRON concur.