UNITED STATES, Appellee,

v.

Gehiser A. NAJERA, Private, U.S. Marine Corps, Appellant.

No. 99–0300.
Crim.App. No. 98–0155.

U.S. Court of Appeals for the Armed Forces.

Argued Oct. 28, 1999.

Decided Feb. 18, 2000.

SULLIVAN, J., delivered the opinion of the Court, in which CRAWFORD, C.J., GIERKE and EFFRON, JJ., and COX, S.J., joined.

For Appellant: *Lieutenant Frank M. Doherty*, JAGC, USNR (argued).

For Appellee: *Captain Danny R. Fields*, USMC (argued); *Colonel Kevin M. Sandkuhler*, USMC, *Commander E.E. Irvin*, JAGC, USN, and *Lieutenant Janice K. O'Grady*, JAGC, USNR (on brief).

Judge SULLIVAN delivered the opinion of the Court.

On October 16, 1997, appellant was tried by a special court-martial composed of a military judge sitting alone at Camp Pendleton, California. Pursuant to mixed pleas, he was found guilty of absence without leave, disrespect to a superior commissioned officer, and willful disobedience of that same superior commissioned officer, in violation of Articles 86, 89, and 90, Uniform Code of Military Justice, 10 USC §§ 886, 889, and 890, respectively. Appellant was sentenced to a bad-conduct discharge, 100 days of confinement, and forfeiture of $200 pay per month for 3 months. On December 11, 1997, pursuant to a pretrial agreement, the convening authority approved the sentence but suspended confinement in excess of 60 days. The Court of Criminal Appeals affirmed on November 19, 1998, in an unpublished opinion.

On May 5, 1999, this Court granted review on the following issue:

> WHETHER THE LOWER COURT ERRED WHEN IT CONCLUDED THAT THE EVIDENCE WAS LEGALLY SUFFICIENT TO SUPPORT THE CHARGE OF DISRESPECT TO A COMMISSIONED OFFICER.

We hold that the Court of Criminal Appeals did not err in holding the evidence of record was legally sufficient to support appellant's conviction for the offense of disrespect to a superior officer. *See generally United States v. Ferenczi*, 10 USCMA 3, 6, 27 CMR 77, 80 (1958); *United States v. Noriega*, 7 USCMA 196, 198, 21 CMR 322, 324 (1956).

Appellant was charged, *inter alia*, with the following disrespect offense in violation of Article 89:

> In that [appellant] did, on or about 23 September 1997, behave himself with disrespect towards Captain D.R. Kazmier, U.S. Marine Corps, his superior commissioned officer, then known by [appellant] to be his superior commissioned officer, *by saying to him*, "You can't make me, you can give me any type of discharge you want, you can give me a DD, I would rather have a dishonorable discharge than

return to training, I refuse" or words to that effect.

(Emphasis added.)

Evidence was admitted showing that appellant was then serving a sentence in the brig from another court-martial. He requested early release so that he could return to training. Captain Kazmier, his company commander, also requested the convening authority to release appellant early so that he could return to training. After his release, appellant told his first sergeant that he was not willing to participate in that day's Marine training with the rest of his company. When the first sergeant could not persuade appellant to train, he ordered him to tell Captain Kazmier that he would not participate in the scheduled training. Captain Kazmier ordered appellant to return to training and explained to him that he could get a bad-conduct discharge at a special court-martial if he continued. Appellant said that he wanted a dishonorable discharge and out of the Marine Corps. He further said he refused to train and "you can't make me go." Captain Kazmier finally testified that appellant made these statements while smirking and suggested "that he seemed to feel that there was nothing that I could do to him for what he was doing."

The Court of Criminal Appeals concluded that

> [i]n this case, *the words spoken by appellant to Captain Kazmier, in the presence of two senior staff noncommissioned officer subordinates*, is [sic] disrespectful and conveyed more than a simple refusal to follow a direct order from a superior commissioned officer. They reflect appellant's total disdain for that officer's ability to compel him to comply with the order and to hold appellant accountable for his misconduct. Following our careful review of the evidence of record, *and considering what appellant said and the context in which he said it*, we are, ourselves, convinced beyond a reasonable doubt of appellant's guilt on the disrespect offense.

Unpub. op. at 3 (emphasis added).

————

The granted issue questions the decision of the appellate court below that the evidence

was legally sufficient to support the finding of guilty to disrespect to a superior commissioned officer. Appellant asserts that he was charged with a "language only" specification of disrespect, rather than a "deportment" specification, and that the prosecution was required to show his language was disrespectful on its face. *See United States v. Wasson*, 26 MJ 894 (AFCMR 1988). He further asserts that, since his language was not "inherently disrespectful," the appellate court below could not affirm his conviction for disrespect based on evidence of "the context or the manner in which the words were spoken." Final Brief at 4–5. He concludes, therefore, that the Court of Criminal Appeals erred in finding his conviction for disrespect was legally supported by "context" evidence,[1] and that his conviction should be reversed.

■ We generally note that, in reviewing for legal sufficiency, this Court and the service appellate courts below must decide "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Hart*, 25 MJ 143, 146 (CMA 1987), quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We review legal sufficiency questions *de novo*, using the above standard, as do the service appellate courts below. *See United States v. Turner*, 25 MJ 324 (CMA 1987). Nevertheless, appellant argues that an appellate court is not authorized to consider all the evidence presented at trial to determine the legal sufficiency of a "disrespectful language" conviction. *But cf. United States v. Cottrill*, 45 MJ 485, 488 (1997).

Appellant initially argues that the above-noted limitation on appellate review in disrespect cases is found in the Manual for Courts–Martial, United States (1995 ed.).[2] He notes that paragraph 13c(3), Part IV, of

the Manual limits the offense of "disrespect by language" to situations where "abusive epithets, or contemptuous or denunciatory language" is used. Final Brief at 4. Accordingly, he suggests such evidence was inadmissible because a servicemember's language, not containing such words, is not criminally disrespectful.

■ We note, however, that Article 89 punishes a servicemember "who behaves with disrespect towards his superior commissioned officer." It makes no distinction between "disrespect in language or deportment" (*but cf.* Art. 91(3), UCMJ, 10 USC § 891(3)), and this Court has generally held that all the circumstances of a case can be considered in determining whether disrespectful behavior in violation of Article 89 has occurred. *See United States v. Goins*, 15 USCMA 175, 177, 35 CMR 147, 149 (1964) (holding no infirmity in instructing members that they must be convinced beyond a reasonable doubt that "the accused did use language under certain circumstances, or in a manner" which was disrespectful); *Noriega*, 7 USCMA at 198, 21 CMR at 324 (considering all circumstances to determine whether alleged statement not disrespectful as matter of law).

We also note that the entire Manual provision cited by appellant does not limit this offense as asserted by appellant. Paragraph 13(c)(3) further provides that "[d]isrespectful behavior ... may consist of acts or language, however expressed .... Disrespect by words *may* be conveyed by abusive epithets or other contemptuous or denunciatory language." (Emphasis added.) Moreover, paragraph 13(b)(1) generally recognizes that Article 89 punishes a servicemember who "did or omitted certain acts or used certain language" when, "*under the circumstances*, the behavior or language was disrespectful to that commissioned officer." (Emphasis added.)

---

1. The appellate court below did not consider evidence of the manner in which the words were spoken. It considered context evidence, other than appellant's deportment, in affirming this conviction. It said in footnote 2 to its opinion: "Since such was not the case [the Government did not allege deportment], we rely only upon that evidence of the words and their context

which appears of record." *Wasson*, itself, is limited to evidence of the manner in which the words were spoken. *See United States v. Wasson*, 26 MJ 894, 897 (AFCMR 1988).

2. All Manual provisions are cited to the version in effect at the time of trial. The 1998 version is unchanged, unless otherwise indicated.

Accordingly, we must reject appellant's argument that the prosecution was barred by the Manual from showing the language, which he allegedly used, was disrespectful under all the circumstances of his case (demeanor and context). *See United States v. French*, 31 MJ 57, 61 (CMA 1990) (indecent language under circumstances of that case where father asked daughter if he could climb into bed with her).

■ We also must reject appellant's limited-appellate-review argument as based on the Air Force Court of Military Review's decision in *Wasson*, 26 MJ 894. Appellant contends *Wasson* holds that evidence of "the context or the manner in which the words were spoken" cannot be considered by a reviewing court unless he was charged with being disrespectful in language *and* deportment. Final Brief at 5; *see* Schlueter, *Military Criminal Justice* § 2–3(B) at 68 (5th ed.1999) (evidence rule); Snedeker, *Military Justice Under the Uniform Code* § 3103c at 746 (1953) (pleading rule). This Court, however, has never held that *Wasson* is good law, nor are we disposed to ensure this intermediate appellate court decision is followed by other service appellate courts. *See United States v. Townsend*, 49 MJ 175, 177 (1998) (Court of Appeals for the Armed Forces does not ensure panel decision of a service court is followed by another panel of that same court). Accordingly, in light of our decisions noted above, we overrule it.

Finally, we note that there was no objection at this Marine Corps court-martial to the admission of "context evidence," or a motion for a finding of not guilty based on the Air Force Court of Military Review's decision in *Wasson*. *See* Mil.R.Evid. 103(a)(1), Manual, *supra*. Moreover, there clearly was no plain error by the trial judge in admitting such evidence in this case in violation of *Wasson*. *See* Mil.R.Evid. 103(d). The challenged specification alleges far more than a simple "no," and its quoted language clearly demeans the authority of Captain Kazmier to effectively order appellant back to training. Thus, *Wasson*, even if good law, would not control the disposition of appellant's case.

■ In any event, returning to the question of legal sufficiency, we note that appellant makes no argument that review of the entire record shows the evidence was insufficient to support his guilt. Ample testimony was admitted from his first sergeant and company commander as to appellant's manner in saying these words, *i.e.*, smirking, contemptuous, cocky, and sarcastic. Appellant testified that he did not say the alleged words while laughing, grinning, or smirking, nor was he trying to make fun of his commander or belittle him. In sum, conflicting evidence, not a dearth of evidence, existed as to the disrespectful character of appellant's language.

In *Ferenczi*, a factually similar case, there was conflicting testimony whether that accused "abruptly and discourteously left the presence of his superior officer out of fear" or in anger. 10 USCMA at 6–7, 27 CMR at 80–81. This Court stated, "The court-martial chose to believe the other witnesses rather than the accused and 'if there is any substantial evidence in the record to support a conviction[,] an appellate court, in the absence of other error, will not set aside the verdict.'" *Id.* at 6, 27 CMR at 80. As in *Ferenczi*, there was ample evidence adduced at appellant's trial to support the findings of guilty to disrespect, particularly when it is considered in the light most favorable to the Government. *See generally United States v. Blocker*, 32 MJ 281, 284 (CMA 1991).

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.