# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E-1 MARCUS A. PONZO**
**United States Army, Appellant**

ARMY 20140018

Headquarters, Fort Bragg
Kirsten V. Brunson, Military Judge (arraignment)
Deidra J. Fleming, Military Judge (trial)
Colonel Paul S. Wilson, Staff Judge Advocate (pretrial)
Lieutenant Colonel Jerrett W. Dunlap, Jr., Staff Judge Advocate (recommendation)

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Patrick A. Crocker, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major John K. Choike, JA; Captain Scott L. Goble, JA (on brief).

3 December 2015

------------------------------------
SUMMARY DISPOSITION
------------------------------------

PENLAND, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of sexual assault in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and sixteen months confinement. The convening authority approved the adjudged sentence.

We review this case under Article 66, UCMJ. Of appellant's three assignments of error, the following merits discussion but no relief:

> THE MILITARY JUDGE ERRED BY ADMITTING APPELLANT'S PRETRIAL STATEMENT REGARDING THE CHARGED SEXUAL ASSAULT WHERE THE PORTION OF THE STATEMENT INDICATING

> APPELLANT ENGAGED IN SEX WITH THE VICTIM
> WAS NOT CORROBORATED BY ANY INDEPENDENT
> EVIDENCE IN ACCORDANCE WITH MILITARY RULE
> OF EVIDENCE 304(g).

This court-martial stemmed from appellant's misconduct at a drunken party at a fellow soldier's apartment. Sergeant (SGT) JP attended the party and testified at trial. Many soldiers from appellant's unit were at the party, including the recently-assigned Private (PV2) AR, and all were drinking heavily. Private AR repeatedly lost consciousness and fell. Appellant and another soldier moved her into the bathroom, where she urinated on herself while still clothed. Private AR was then placed in the bathtub, and appellant showered her off while she was clad in her underwear and a shirt.[1]

All except appellant left PV2 AR alone in the bathroom. According to his sworn statement to a Criminal Investigation Command (CID) agent,[2] appellant sat on the edge of the bathtub, concerned that she might swallow her tongue in her inebriated state ("I just wanted to make sure I didn't need to call the doctors."). He left and returned to the bathroom and PV2 AR's side multiple times. Ultimately, appellant brushed the hair from PV2 AR's face, and she looked up at him with an "emotionless" expression, "[k]ind of like a thousand-yard stare." PV2 AR placed her hand on appellant's genitals, in response to which he masturbated her, entered the bathtub, pulled aside her underwear, and engaged in sexual intercourse with her. Seeking to ensure PV2 AR was aware of what was happening, he asked her to confirm his identity—during intercourse—and he asked her to confirm that she knew what was happening; PV2 AR did so. After appellant ejaculated and cleaned himself and PV2 AR, she lapsed into unconsciousness again. Just before leaving the bathroom, appellant positioned PV2 AR in the tub in a way which, to his thinking, would mitigate the risk of choking if she vomited.

Sergeant JP's testimony largely mirrored appellant's CID statement: Private AR was extremely drunk at the party, urinating on herself, while clothed, in the apartment's bathroom; multiple soldiers gathered to help PV2 AR clean herself up; appellant remained with PV2 AR in the bathroom when the party resumed. However, SGT JP did not witness the *corpus delicti per se*.

Because appellant made no objection to the admission of his confession—he complains of this issue for the first time on appeal—we regard this objection

---

[1] Private AR told SGT JP a couple of days later that she remembered nothing from the party.

[2] The military judge admitted appellant's statement without objection from the defense.

forfeited absent plain error. *United States v. Gladue*, 67 M.J. 311 (C.A.A.F. 2009); *United States v. Smith*, 34 M.J. 200, 203-04 (C.M.A. 1992).

In essence, appellant now argues that independent evidence must corroborate the *corpus delicti*. Appellant cites *United States v. Adams*, 74 M.J. 137 (C.A.A.F. 2015), but our superior court affirmed the opposite view in that case:

> The corroboration requirement for admission of a confession at court-martial does not necessitate independent evidence of all the elements of an offense or even the *corpus delicti* of the confessed offense. Rather, the corroborating evidence must raise only an inference of truth as to the essential facts admitted.

*Id*. at 140 (quoting *United States v. Cottrill*, 45 M.J. 485, 489 (C.A.A.F. 1997)). *See also United States v. Sudbury*, 2014 CCA LEXIS 747 (Army Ct. Crim. App. 30 Sept. 2014) (mem op.). Aside from the *corpus delicti*, independent evidence precisely corroborated the following matters contained in appellant's confession: time, place, opportunity, access, intoxication, and involved persons (including PV2 AR's manner of dress). We have no reason to suspect that appellant falsely rendered his confession, and we conclude the military judge's decision to admit it was well within the bounds of sound discretion and therefore not erroneous.

The findings of guilty and sentence are AFFIRMED.

Senior Judge HAIGHT and Judge WOLFE concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3