# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, CELTNIEKS, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist NELS F. JACKSON**
**United States Army, Appellant**

ARMY 20120159

Headquarters, III Corps and Fort Hood
Rebecca K. Connally, Military Judge
Colonel Travis L. Rogers, Staff Judge Advocate (pretrial)
Colonel Susan K. Arnold, Staff Judge Advocate (post-trial)

For Appellant:  Colonel Mary J. Bradley, JA; Lieutenant Colonel Christopher D. Carrier, JA; Major Patrick J. Scudieri, JA (on brief); Lieutenant Colonel Christopher D. Carrier, JA; Major Julie L. Borchers, JA; Captain Zachary A. Szilagyi, JA (on reply brief and on brief in response to specified issue).

For Appellee:  Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Cormac M. Smith, JA (on brief); Lieutenant Colonel Eric K. Stafford, JA; Major Cormac M. Smith, JA (on brief in response to specified issue).

3 November 2017

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SCHASBERGER, Judge:

On 16 February 2012, a panel of officer and enlisted members convicted appellant, contrary to his pleas, of one specification of conspiracy to violate a lawful order, one specification of willful disobedience of a superior commissioned officer, and two specifications of abusive sexual contact with a child, in violation of Articles 81, 90, and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 890, 920 (2006 & Supp. III 2010) [hereinafter UCMJ].  The panel sentenced appellant to a dishonorable discharge and four years confinement.

On 18 May 2015, this court set aside the findings of guilty of the two specifications of abusive sexual contact with a child, affirmed the remaining findings of guilty, set aside the sentence, and authorized a rehearing. *United States v. Jackson*, 74 M.J. 710, 721 (Army Ct. Crim. App. 2015). In addition, this court found appellant suffered a deprivation of his due process rights when it took 739 days from the end of his trial until the convening authority took action in the case.

On 20 May 2016, a military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of abusive sexual contact with a child, in violation of Article 120, UCMJ. The military judge acquitted appellant of an additional charge of abusive sexual contact. The military judge sentenced appellant to a dishonorable discharge, forty-two months confinement, total forfeiture of pay and allowances, and reduction to the grade of E-1. The convening authority approved twenty-three months of confinement and credited appellant with 1,058 days confinement credit.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises four assignments of error, two of which merit discussion but no relief.[1] First, we consider whether appellant's statement to Criminal Investigation Command (CID) special agents was made voluntarily. When considering the voluntariness of appellant's statement, we address the application of the Jencks Act and Rule for Courts-Martial [hereinafter R.C.M.] 914 to his suppression motion, including a specified issue of whether the defense opened the door to testimony that may have otherwise been barred. The second issue we address is whether the military judge erred in admitting appellant's entire statement. As we find that each essential element was sufficiently corroborated, we conclude there was no error.

## BACKGROUND

On 19 January 2011, appellant, in a sworn statement, admitted to touching his fifteen-year-old stepdaughter's (HS) breasts and buttocks in November or December 2010 while the family was watching a movie. He also admitted to touching HS's vagina while taking photographs when decorating their home at Christmas. While showing his wife (AS) his sworn statement, appellant commented that his confession "was not as bad as he thought it was."

---

[1] Appellant personally raises allegations of error pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), but none warrant relief. Among the eight unsworn issues is an allegation of ineffective assistance of counsel in that his counsel were ineffective when they did not *convince* appellant to take a plea to a "hazing/assault" type crime. We see no need to order an affidavit from counsel and conclude an evidentiary hearing is not warranted under *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

Before the first trial [hereinafter *Jackson I*], the government lost the tape recordings from the Article 32, UCMJ, investigation. The defense raised several Jencks Act motions. In response, the military judge made various findings regarding the loss of the tapes, but ultimately did not bar the testimony of any of the witnesses as a remedy.

Following appellate review and remand, the government charged appellant with an additional offense of abusive sexual contact. On 13 November 2015, the convening authority referred the two remanded specifications of abusive sexual contact with a child and the additional charge to a general court-martial [hereinafter *Jackson II*].[2]

*Jackson II* began with a series of motions, including one to suppress appellant's statement to CID Special Agent (SA) SK and SA MB, and a government request to apply the "good faith" exception to R.C.M. 914 and the Jencks Act regarding the lost recording of the Article 32, UCMJ, investigation. Ultimately, the military judge denied appellant's motion to suppress, granted the request for production of the tape recording of the Article 32 investigation, and then declined to apply a good faith exception to the failure of the government to comply, barring the testimony of the victim, HS, as well as that of SA SK and SA MB.

On 8 March 2016, the day of trial, the government asked for a delay as their remaining critical witness, AS, was not willing to participate at that time. The convening authority withdrew the charges that day.

On 31 March 2016, the convening authority again referred the charges to trial [hereinafter *Jackson III*]. The defense filed two motions: the first was a motion to dismiss the additional charge; the second a motion to suppress appellant's confession, challenging the voluntariness of the confession. The defense suppression motion had fourteen enclosures, including prior testimony and statements of appellant, the polygraph worksheet filled out by SA SK, the prior testimony of the defense expert from *Jackson II*, and the court's *Jackson II* decision refusing to apply a good faith exception.

The defense motion stated:

> In light of the Court's ruling regarding R.C.M. 914, the Defense requests that the Court not consider the testimony of SA [SK] and SA [MB] in US v. Jackson 2012 as well as not considering the testimony of SA [SK] given

---

[2] The referral also directed a sentencing proceeding on all charges and specifications on which appellant was found guilty, including those on which appellant was convicted at *Jackson I* and affirmed by this court on appellant's initial appeal.

3

on 16 February 2016 when ruling on the instant Defense
Motion to Suppress Statement of [appellant].

The government response included SA SK's prior testimony from *Jackson I*
and *Jackson II*.

The military judge asked if either side objected to her consideration of the
enclosures as evidence. The defense objected to the inclusion of SA SK's testimony
on the grounds that the military judge's prior R.C.M. 914 ruling (in *Jackson II*)
prohibited SA SK from testifying. The military judge stated there was no Jencks Act
issue as yet in the present case and asked defense for legal authority to apply the
Jencks Act to the motion. The defense conceded they had no authority to cite.

At the conclusion of argument on the suppression motion, the military judge
asked defense:

> MJ: . . . You want me to consider the polygraph
> worksheet, handwritten and typed, as stated in your
> motion but yet you don't want me to consider her
> testimony describing and clarifying that polygraph
> worksheet, is that correct, because you assert that
> [R.C.M.] 914 applies at preliminary hearings?
>
> DC: Yes, ma'am.

On 10 May 2016, the military judge issued her findings of fact and
conclusions of law on the defense motion to suppress. In a footnote she stated:

> The Defense objected to the Court's consideration of the
> Government's enclosures of the transcripts of SA [SK's]
> testimony from October 2011 and February 2016 on the
> basis of the Court's prior ruling in advance of a projected
> RCM 914 issue. However, this Court is not persuaded that
> either RCM 914 or the [Jencks] Act, 18 USC sec. 3500
> (1964) prohibits use of statements at pretrial hearings, like
> suppression hearings. *See generally, U.S. v. Covello*, 410
> F.2d 536 (2 Cir. 1968). This Court has not found, nor was
> provided with any controlling legal authority to the
> contrary.

The military judge made detailed findings of fact: she found appellant was
thirty-four years old; had a GT score of 119; was read his rights; the time from his
arrival at CID until his departure was seven hours; he was not under the influence of
alcohol or medication; that he was in pain; that he had three hours of sleep the night

before; and he had not eaten breakfast. Additionally, the military judge found appellant was informed of his right to take breaks and get food but, except for one break, he did not ask for a break nor was he offered one.

The military judge relied on details from SA SK's prior testimony, as well as from SA SK's worksheet, and appellant's prior testimony to arrive at her findings of fact. The military judge concluded that under the totality of the circumstances appellant's statement was made voluntarily and she denied the defense motion.

At trial the government introduced appellant's statement through the testimony of AS, his now ex-wife. She testified as having seen the confession and discussed it with appellant. The military judge did not consider the testimony of the victim on the basis of the violation of R.C.M. 914 and the Jencks Act. AS was the main witness to provide corroboration to the events; she testified that the family was in the living room watching a movie and HS lay on the couch next to appellant. HS asked appellant to scratch her back. AS testified that in December 2010 the family was posing for Christmas photographs and she took pictures of appellant holding HS. The government introduced the Christmas photos and some of HS's medical records. After various objections, the military judge admitted part of the records.

The issue of whether the confession was corroborated was fully litigated. The defense counsel produced a chart with what they deemed were forty-six essential facts. The military judge made independent findings of what she deemed were essential. She discussed her reasoning and findings on the record. Specifically she stated:

> Here, although there was no eye witness to the criminal act itself, this court finds that the *corpus delicti* does not require corroboration in this case. There is sufficient evidence that a criminal act, to include direct and circumstantial evidence, occurred. The criminal act occurred, including the direct and circumstantial evidence. The court finds that the essential facts are the following: time, place, persons involved, access, opportunity, method, and manner.

The military judge went on to lay out what she found as essential facts and how they were corroborated. She then admitted appellant's 19 January 2011 statement. The defense asked the military judge to reconsider her ruling. The military judge agreed and provided additional details and reaffirmed her decision to admit the statement.

## LAW AND DISCUSSION

*A. Motion to Suppress*

"We review a military judge's ruling on a motion to suppress for abuse of discretion." *United States v. Rodriguez*, 60 M.J. 239, 246 (C.A.A.F. 2004) (citing *United States v. Monroe*, 52 M.J. 326, 330 (C.A.A.F. 2000)). "In reviewing a military judge's ruling on a motion to suppress, we review factfinding under the clearly-erroneous standard and conclusions of law under the *de novo* standard." *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995). "Thus, on a mixed question of law and fact . . . , a military judge abuses his discretion if his findings of fact are clearly erroneous or his conclusions of law are incorrect." *Id.* The abuse of discretion standard calls "'for more than a mere difference of opinion. The challenged action must be arbitrary, fanciful, clearly unreasonable, or clearly erroneous.'" *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010) (quoting *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010)).

As a starting point, the military judge's conclusion that R.C.M. 914 and the Jencks Act do not apply to a pretrial suppression motion is clearly erroneous. The plain language of R.C.M. 905 states that "R.C.M. 914 shall apply at a hearing on a motion to suppress evidence under subsection (b)(3) of this rule." R.C.M. 905(k).

Appellant argues that the military judge's ruling in *Jackson II* dictates the result in *Jackson III*; that the military judge had to find there was no good faith exception to the Jencks Act, and that she had to bar the testimony of SA SK. This is also incorrect. When the convening authority withdrew the referral in *Jackson II*, the motions and rulings in that case became void. The military judge's rulings on motions from that case were not final judgements as described in R.C.M. 905(g).

We will not speculate as to whether the military judge would have come to the same conclusion regarding the testimony of SA SK if she had properly applied R.C.M. 914.[3] The issue of the potential Jencks Act violation and appropriate remedy are mooted by the defense opening the door by introducing testimony of the individual they assert should not be allowed to testify.

---

[3] While the facts of the case are the same in *Jackson III* as when the military judge made her ruling in *Jackson II*, the limited nature of this motion could have led to a different result. The purpose of the Jencks Act and R.C.M. 914 is not to punish the government, but to ensure the defense can impeach a testifying witness. Given the posture of the case in *Jackson III*—SA SK had testified on three prior occasions, including being subject to cross examination by individuals who were present during the missing testimony—it is hard to see how the defense was prejudiced by the missing Article 32 tape as it relates to SA SK's statement.

As the United States Supreme Court has explained: "'[The] central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence . . . .' To this end *it is important that both the defendant and the prosecutor have the opportunity to meet fairly the evidence and arguments of one another.*" *United States v. Robinson*, 485 U.S. 25, 33-34 (1988) (internal citations omitted and emphasis added). The Supreme Court reasoned that "'the protective shield of the Fifth Amendment should not be converted into a sword that cuts back on the area of legitimate comment by the prosecutor on the weaknesses in the defense case.'" *Id.* at 32 (citation omitted).

Similarly, the United States Court of Appeals for the Armed Forces (CAAF) has found that a party is sometimes permitted to introduce otherwise inadmissible evidence if another party "opens the door" for rebuttal. *See United States v. Martin*, 75 M.J. 321, 327 (C.A.A.F. 2016) (finding the government's use of generally prohibited "human lie detector testimony" in rebuttal was justified after trial defense counsel elicited the same type of evidence on cross-examination); *United States v. Bresnahan*, 62 M.J. 137, 146 (C.A.A.F. 2005) (explaining that generally impermissible "profile characteristics" as evidence of guilt or innocence may be admitted "in rebuttal when a party 'opens the door' by presenting potentially misleading testimony"); *United States v. Swift*, 53 M.J. 439, 450 (C.A.A.F. 1999) (noting "that when an accused has opened the door to consideration of an unwarned statement[,]" the statement may be admitted into evidence notwithstanding the limitations of Military Rule of Evidence [hereinafter Mil. R. Evid.] 304(b)).

Appellant argues that the Mil. R. Evid. 304 requirement that he file his motion prior to pleas was what forced him to include evidence that would have been barred at trial and, therefore, it would be "fundamentally unfair" to allow the government to claim that he opened the door. This argument ignores the fact that appellant made a tactical decision; he attached the transcript of his prior testimony from *Jackson II*. By itself, this would have shifted the burden to the government to prove the confession was voluntary. Instead, appellant chose to corroborate his testimony with SA SK's worksheet.

When appellant included SA SK's polygraph worksheet to corroborate that appellant was in pain, tired, and on medication, the government was able to include prior testimony where SA SK explained the polygraph worksheet. The included testimony expounded on SA SK's discussion with appellant regarding how much sleep he had, medications he was on, and how much pain he was in. The testimony went into details that also described his demeanor, ability to fill in blanks, and answer questions on his statement.

Beyond analyzing whether the military judge could consider SA SK's prior testimony, we must also decide if the military judge abused her discretion by finding that the confession was voluntary.

A confession is involuntary "if it was obtained 'in violation of the self-incrimination privilege or due process clause of the Fifth Amendment to the Constitution of the United States, Article 31, or through the use of coercion, unlawful influence, or unlawful inducement.'" *United States v. Freeman*, 65 M.J. 451, 453 (C.A.A.F. 2008) (quoting Mil. R. Evid. 304(a), (c)(3)). "We examine 'the totality of the surrounding circumstances' to determine 'whether the confession is the product of an essentially free and unconstrained choice by its maker.'" *Id.* (citing *United States v. Bubonics*, 45 M.J. 93, 95 (C.A.A.F. 1996)).

In *Freeman*, the CAAF gives examples of the type of factors that should be considered in the military judge's decision, to include: age, education, intelligence of the accused; whether there was lack of any advice to the accused of his constitutional rights; the length of detention; the repeated and prolonged nature of the questioning; and the use of physical punishment such as the deprivation of food or sleep. *Id.*

The military judge's findings of fact are squarely in line with precedent; she made specific findings on age, intelligence, the rights warning, length of the interrogation, and the fact appellant was in pain. Looking at the totality of the circumstances, her findings and conclusions as to whether appellant's statement was made voluntarily are not clearly erroneous. She did not abuse her discretion in finding that appellant made his statement voluntarily and denying the motion to suppress.

### B. *Corroboration of the Confession*

Appellant also asserts the military judge erred in admitting his entire statement as each essential fact was not corroborated. We review a military judge's admission of evidence for an abuse of discretion. *United States v. McCollum,* 58 M.J. 323, 335 (C.A.A.F. 2003) (citing *United States v. McElhaney*, 54 M.J. 120, 132 (C.A.A.F. 2000)).

To determine if a military judge can admit a confession, the essential facts must be independently corroborated. *United States v. Adams*, 74 M.J. 137, 140 (C.A.A.F. 2015); Mil. R. Evid. 304(c). There does not need to be "'independent evidence of all the elements of an offense or even the *corpus delicti* of the confessed offense. Rather, the corroborating evidence must raise only an inference of truth as to the essential facts admitted.'" *Id.* (quoting *United States v. Cottrill*, 45 M.J. 485, 489 (C.A.A.F. 1997)). "[N]o mathematical formula exists to measure sufficient corroboration . . . ." *United States v. Melvin*, 26 M.J. 145, 146 (C.M.A. 1988). However, the "inference [of truthfulness] may be drawn from a quantum of corroborating evidence that [our superior court] has described as 'very slight.'" *United States v. Arnold*, 61 M.J. 254, 257 (C.A.A.F. 2005) (quoting *Melvin*, 26 M.J.

at 146). "What constitutes an essential fact of an admission or confession necessarily varies by case." *Adams*, 74 M.J. at 140. The type of essential facts that our superior court has "previously considered include the time, place, persons involved, access, opportunity, method, and motive of the crime." *Id.*

At trial, the government moved to introduce appellant's 19 January 2011 statement to CID. Defense counsel objected on the basis that the essential facts were not corroborated. The military judge applied the reasoning set forth in *Adams* and *Cottrill*, and gleaned from those cases that the essential facts she had to corroborate in appellant's case were: time, place, persons involved, access, opportunity, method, and manner. *See Adams*, 74 M.J. at 140; *Cottrill*, 45 M.J. at 489. The military judge described where she found corroboration for these facts, including inferences she made based on the testimony of AS, the photo, and the medical records. Her conclusion was factually and legally sound and we find no error.

## CONCLUSION

On consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Senior Judge BURTON and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

9