## UNITED STATES

v.

**Airman First Class Shawn T. BRIDGES, United States Air Force.**

**ACM 33369.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 17 June 1998.

Decided 7 March 2000.

Appellate Counsel for Appellant: Major Stephen P. Kelly (argued), Colonel Jeanne M. Rueth, Colonel Theodore J. Fink, Colonel Douglas H. Kohrt, Lieutenant Colonel James R. Wise, and Major Carol L. Hubbard.

Appellate Counsel for the United States: Captain James C. Fraser (argued), Colonel Anthony P. Dattilo, and Lieutenant Colonel Ronald A. Rodgers.

Before YOUNG, Senior Judge, BURD and ROBERTS, Appellate Military Judges.

## OPINION OF THE COURT

BURD, Judge:

On 16 and 17 June 1998, the appellant was tried by general court-martial composed of officer and enlisted members at Dyess Air Force Base (AFB), Texas. Contrary to his pleas, he was found guilty of two specifications of battery upon a child on divers occasions, in violation of Article 128, UCMJ, 10 U.S.C. § 928. He was sentenced to a dishonorable discharge, confinement for 6 months, and reduction to E–1. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for 6 months, and reduction to E–1.

The appellant asserts five errors. We find no error and affirm the findings and sentence. We begin with a brief statement of the facts.

The appellant lived in government quarters on Dyess AFB with his wife, twenty-two-month-old daughter, and nine-month-old son. The appellant's offenses came to light on 8 December 1997, when his wife made a written, sworn statement to military law enforcement authorities which detailed the appellant's history of emotional and physical abuse of her and their two children. The appellant was then interviewed, under a proper rights advisement, and confessed, in writing, to multiple batteries on his two children and shoving his wife when she intervened during a battery upon the daughter.

The prosecution's evidence at trial consisted of the appellant's written confession, the testimony of an Air Force Office of Special Investigations agent regarding the interview and confession of the appellant, the written statement of the appellant's wife, the testimony of a neighbor regarding the appellant's wife appearing at her door in an excited state on two occasions describing the appellant's violent outbursts, the testimony of a neighbor who lived in the adjacent housing unit regarding occasions where she heard through the common wall the appellant yelling at his daughter to stop crying and at times the baby's cries stopping abruptly and, a stipula-

tion of expected testimony of a physician about his examination of the appellant's two children on 8 December 1997, and about remarks made by the wife about the appellant's physical abuse of their children.

## I. Admission of Wife's Statement

The first issue presented is whether the appellant's Sixth Amendment right to confront witnesses against him was violated when his wife's statement to law enforcement investigators was admitted under Mil.R.Evid. 804(b)(5).[1] We hold it was not.

At trial, the prosecution called the appellant's wife to the stand to testify. She was placed under oath and asked several questions by the trial counsel. After answering the trial counsel's preliminary questions about her identity, she refused to answer questions about the night of 8 December 1997, her written statement on that evening, and the substance of her allegations from that statement. To each question she answered: "I refuse to say anything, sir." At the request of the trial counsel, the military judge ordered the witness to answer the questions, to whom she responded: "I refuse to say anything, ma'am." The members were then excused and, in an exchange with the military judge, the wife admitted that she knew she could be held in contempt, but that she was refusing to testify. When asked by the military judge whether anyone had any other questions before she let the witness leave the courtroom, the trial defense counsel answered: "No, your honor."

The appellant's wife was excused from the courtroom. The military judge then raised the possibility of asking the wife additional questions about whether the appellant and his wife were getting a divorce or just separated. The trial defense counsel stated: "Your honor, no, they are still married and they intend to remain married." The military judge then asked: "I probably should have asked her a few more questions, but I understand that part of the reason she may not want to testify is the relationship with her husband?" The trial defense counsel responded: "That's correct, Your Honor."

The military judge was then told that the appellant's wife had refused to testify at the Article 32 Investigation. When the military judge asked for the defense position on the offered statement, the trial defense counsel stated: "Your honor, I'm not going to have a foundation objection. I am, obviously, going to have an objection based on hearsay." The military judge found the appellant's wife unavailable and admitted her written statement under the residual hearsay rule, Mil.R.Evid. 804(b)(5).

We note, at the outset, that the appellant has not raised an issue before this Court of whether the military judge abused her discretion in admitting the appellant's wife's statement under the residual hearsay rule. The appellant's claim of error in admitting the statement rests solely upon the Confrontation Clause of the Sixth Amendment, which requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U.S. Const. amend. VI.

The narrowing of the issue presented raises an important distinction—the Confrontation Clause and the hearsay rules, while intended to protect similar values, require separate analysis to gauge whether particular circumstances transgress their individual requirements. Admission of a statement may fall within the permissible limits of a hearsay exception yet fall outside the requirements of the Confrontation Clause. The converse is also true. *Dutton v. Evans,* 400 U.S. 74, 86, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); *California v. Green,* 399 U.S. 149, 155, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

The Sixth Amendment enumerates specific rights enjoyed by all those accused in criminal prosecutions that are fundamental to the integrity of our judicial process. As with the other rights enumerated in the Sixth Amendment, the confrontation requirement enhances the reliability of the result of trial. Production of a witness at trial provides an accused an opportunity to test the recollection and conscience of the witness

---

1. As a part of our Project Outreach Program, the Court heard oral argument on this issue at Ran-

dolph AFB, Texas, on 25 January 2000.

and compels the witness to stand personally before the trier of fact to be judged for worthiness of belief. *Mattox v. United States*, 156 U.S. 237, 242, 15 S.Ct. 337, 39 L.Ed. 409 (1895). *See also United States v. Thevis*, 665 F.2d 616 (5th Cir.1982).

The Confrontation Clause does not require the actual production of all witnesses in every case. Just as the traditional hearsay rule has recognized exceptions, the Confrontation Clause permits the admission of hearsay when such admission does not offend the purposes for which the clause exits. *See Lilly v. Virginia*, 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999); *Idaho v. Wright*, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990); *see also United States v. Owens*, 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988); *Delaware v. Fensterer*, 474 U.S. 15, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985); *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *Green; Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); *Mattox. See generally* J. Strong, *McCormick on Evidence* § 252 (5th ed.1999).

In *Wright*, the Supreme Court reviewed the accepted approach to confrontation-hearsay analysis:

> In *Ohio v. Roberts*, we set forth "a general approach" for determining when incriminating statements admissible under an exception to the hearsay rule also meet the requirements of the Confrontation Clause. 448 U.S. at 65, 100 S.Ct. 2531. We noted that the Confrontation Clause "operates in two separate ways to restrict the range of admissible hearsay." *Ibid.* "First, in conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case..., the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant." *Ibid.* (citations omitted). Second, once a witness is shown to be unavailable, "his statement is admissible only if it bears adequate 'indicia of reliability.' Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases,

the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness." *Id.* at 66, 100 S.Ct. 2531 (footnote omitted); see also *Mancusi v. Stubbs*, 408 U.S. 204, 213, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972).

*Wright*, 497 U.S. at 814–15, 110 S.Ct. 3139.

The *Wright* majority went further, stating what has become the core holding of the opinion: "We agree that 'particularized guarantees of trustworthiness' must be shown from the totality of the circumstances, but we think the relevant circumstances include only those that surround the making of the statement and that render the declarant particularly worthy of belief." *Id.* at 819, 110 S.Ct. 3139. "To be admissible under the Confrontation Clause, hearsay evidence used to convict a defendant must possess indicia of reliability by virtue of its inherent trustworthiness, not by reference to other evidence at trial." *Id.* at 822, 110 S.Ct. 3139.

The essence of the appellant's claim in this case is that, since the military judge considered corroborating evidence beyond the circumstances surrounding the making of the wife's statement in admitting the statement under the residual hearsay rule, such admission was in violation of the Confrontation Clause even though it was in compliance with Mil.R.Evid. 804(b)(5). The appellant's position lacks persuasive merit because it ignores the significance of the trial defense counsel's trial tactics and disregards the decisions of the United States Court of Appeals for the Armed Forces that provide compelling authority for our holding that the Confrontation Clause was satisfied in this case when the appellant's wife took the stand, was placed under oath, and the trial defense counsel elected to conduct no examination of the witness.

The government is required to take all reasonable means to obtain the presence of crucial witnesses before substitutes for their live testimony will be considered. *United States v. McGrath*, 39 M.J. 158, 163 (C.M.A.1994); *see also United States v. Cokeley*, 22 M.J. 225 (C.M.A.1986); *United States v. Hinton*, 21 M.J. 267 (C.M.A.1986). The government satisfied this requirement. Not

only was the witness called to the stand, placed under oath, and asked several questions by the trial counsel, but the military judge also asked her questions about testifying, ordered her to answer the questions posed to her, and advised her that she could be held in contempt.[2]

■ The appellant had numerous opportunities to cross-examine the witness. At every one of those opportunities, the trial defense counsel demonstrated a complete disinterest in having his client's wife utter a single word. We find the irony of the defense tactics revealing. The trial defense counsel was quick to point out that there was no evidence to suggest the defense was responsible for procuring the wife's recalcitrance, thus avoiding a ruling that the appellant waived confrontation by causing the wife's unavailability. *See McGrath,* 39 M.J. at 163; *United States v. Hines,* 23 M.J. 125, 132 (C.M.A.1986); *Thevis,* 665 F.2d at 632–33. During sentencing, the defense offered a written statement of the appellant's wife dated the day before trial. The defense withdrew the exhibit when the military judge made it clear that admission of the statement was contingent on the wife making herself available to testify. The trial defense counsel volunteered that the withdrawal of the exhibit was a tactical decision and not based on any conversations with the appellant's wife.

The significance of the defense trial tactics is not that such tactics imply responsibility for the wife's unavailability. Rather, the tactics show that the defense carefully avoided examination of the appellant's wife. As stated in *McGrath,* "it is clear that examination of the victim, direct or cross, was the very last thing on earth the defense wanted to have happen. Having thus eschewed confrontation, appellant cannot now claim a denial of it." *McGrath,* 39 M.J. at 163.

Had the defense made a sincere effort to examine the witness and she still refused to testify, the issue would be different. However, when a witness is produced at trial and the defense makes no effort at all to avail of the opportunity thereby provided to test the recollection and conscience of the witness, it is clear that the defense waives cross-examination. And, that waiver of cross-examination satisfies the requirements of the Confrontation Clause. *Id.* at 163.

■ We conclude that, since the Confrontation Clause was satisfied, the military judge properly considered the totality of the circumstances, including relevant circumstances outside those that surrounded the making of the statement by the appellant's wife, in determining the statement's admissibility. *Id.* at 163–67. *See United States v. Johnson,* 49 M.J. 467 (1998); *see also United States v. Lyons,* 36 M.J. 183, 188 (C.M.A. 1992) (Crawford, J., concurring in the result); *United States v. Clark,* 35 M.J. 98, 107 (C.M.A.1992) (Crawford, J., concurring). The decision of the military judge to admit the statement under Mil.R.Evid. 804(b)(5) was not an abuse of discretion. *United States v. Johnson,* 46 M.J. 8 (1997).

## II. Acceptance of the Stipulation of Expected Testimony

The second issue presented is whether acceptance of the stipulation of expected testimony of Dr. Mitchell R. Moriber was error that materially prejudiced the appellant's substantial rights where the testimony included hearsay statements of the appellant's wife who was unavailable at trial. The core of the appellant's claim is that admission of the stipulation of expected testimony violated his right to confront the declarant—his wife. We conclude that the appellant affirmatively waived any objection to the admission of the stipulation of Dr. Moriber's expected testimony.

A stipulation of expected testimony does not admit the truth of the indicated testimony nor does it add anything to the evidentiary nature of the testimony. Rule for Courts–Martial (R.C.M.) 811(e). In this case, the appellant's wife's statements to Dr. Moriber

---

2. Contempt power under military law is severely limited and does not extend to a simple refusal to testify. Article 48, UCMJ, 10 U.S.C. § 848; Rule for Courts–Martial (R.C.M.) 809. The proper recourse would have been prosecution in a United States district court. Article 47, UCMJ, 10 U.S.C. § 847.

are equally hearsay whether referred to in direct testimony or in a stipulation of expected testimony.

While mindful of this, our focus is on the meaning and effect of the defense tactical decision to agree to inclusion of hearsay in a stipulation of expected testimony and permitting its acceptance by the court without objection. This is not a case where the defense was coerced into an unfavorable stipulation to secure the benefit of a pretrial agreement. We have previously viewed such arrangements with disfavor. *See United States v. Keith,* 17 M.J. 1078 (A.F.C.M.R.1984). *See also United States v. Rasberry,* 21 M.J. 656 (A.C.M.R.1985). This is also not a case where the military judge did not give the appellant an informed opportunity to withdraw from the stipulation. *See United States v. Gonzalez,* 14 M.J. 501 (A.F.C.M.R. 1982). The military judge conducted the proper inquiry with the appellant to verify that he understood the substance of the stipulation of expected testimony, its purposes and uses, the appellant's options, and that the appellant fully agreed to its use.

Moreover, it was obvious to the participants in this case that when the stipulation of expected testimony was agreed to and accepted without objection, the government would not need to call the appellant's wife to testify about her statements to Dr. Moriber. There is nothing in the record to suggest that the appellant did not understand or agree to this result.

 When the defense freely stipulates to what a witness would testify, the defense waives confrontation on the matters contained in the stipulation absent a specific objection to the contrary at trial. *See Hawkins v. Hannigan,* 185 F.3d 1146, 1155 (10th Cir.1999). *See also United States v. Plitman,* 194 F.3d 59 (2d Cir.1999); *United States v. Stephens,* 609 F.2d 230 (5th Cir. 1980). The appellant waived his right to confront his wife regarding her statements included in the stipulation of expected testimony to which he expressly agreed and for which there was no objection.

## III. Corroboration of Confession

The appellant next claims that his written statement to law enforcement officers should have been excluded where it was insufficiently corroborated by other evidence. We disagree.

 To be considered as evidence against the appellant, his confession must have been corroborated by independent evidence, either direct or circumstantial. Mil. R.Evid. 304(g). While the corroborating evidence must be reliable, it need only be slight and need only raise an inference of truth as to the essential facts admitted in the confession. *United States v. Cottrill,* 45 M.J. 485, 489 (1997). *See also United States v. Maio,* 34 M.J. 215 (C.M.A.1992); *United States v. Rounds,* 30 M.J. 76 (C.M.A.1990); *United States v. Melvin,* 26 M.J. 145 (C.M.A.1988); *United States v. Yeoman,* 25 M.J. 1 (C.M.A. 1987). We have closely analyzed the evidence in this case and find that the appellant's confession was sufficiently corroborated. *See Cottrill,* 45 M.J. at 489. Even if we exclude from consideration the statements made by the appellant's spouse to law enforcement officers and Dr. Moriber, we still find sufficient corroboration in the testimony of the two neighbors.

## IV. Lack of Instruction on Corroboration

 The appellant's fourth issue is whether the military judge erred to the substantial prejudice of the appellant when she failed to instruct the members on the need for corroborating evidence to support the appellant's statement. This issue is without merit.

 At trial, the appellant did not suggest such an instruction. Therefore, absent plain error, the appellant forfeits the issue. R.C.M. 920(f). *See United States v. Pagel,* 40 M.J. 771, 776 (A.F.C.M.R.1994) (citing *United States v. Toro,* 37 M.J. 313, 316–17 (C.M.A.1993); *United States v. Strachan,* 35 M.J. 362, 364 (C.M.A.1992)) (distinguishing between 'waiver' and 'forfeiture'). The determination whether an admission or confession is adequately corroborated is made by the military judge. Mil.R.Evid. 304(g)(2).

We find no error in not giving a specific instruction regarding corroboration.

### V. Legal and Factual Sufficiency

 In his final issue, the appellant claims the evidence was legally and factually insufficient to sustain convictions under Specification 1 and 2 of the Charge, which alleged batteries against the appellant's daughter and son, respectively. We disagree. We find the evidence to be legally sufficient. Further, after weighing the evidence in the record and making allowances for not having personally observed the witnesses, we are convinced of the appellant's guilt beyond a reasonable doubt. *United States v. Turner*, 25 M.J. 324, 325 (C.M.A.1987).

We conclude the finding and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge YOUNG and Judge ROBERTS concur.