# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HAIGHT, and MAGGS[1]
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant IAN C. SEMENIUK-HAUSER**
**United States Army, Appellant**

ARMY 20110976

Headquarters, Joint Readiness Training Center and Fort Polk
Gregory A. Gross, Military Judge
Colonel Keith C. Well, Staff Judge Advocate

For Appellant:  Captain Robert N. Michaels, JA (argued); Colonel Patricia A. Ham, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Robert Feldmeier, JA (on brief).

For Appellee:  Captain Timothy C. Erickson (argued); Lieutenant Colonel Amber J. Roach, JA; Major Daniel D. Maurer, JA (on brief).

31 March 2014

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

HAIGHT, Judge:

An officer panel sitting as a general court-martial convicted appellant, contrary to his pleas, of wrongful introduction of cocaine onto a military installation with the intent to distribute, two specifications of wrongful distribution of cocaine, and wrongful use of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (2006) [hereinafter UCMJ].  The members sentenced appellant to a bad-conduct discharge, to be confined for twelve months, forfeiture of all pay and allowances, and to be reduced to the grade of E-1.  The convening authority approved the adjudged sentence.

---

[1]  Judge MAGGS took final action in this case while on active duty.

This case is before us for review under Article 66, UCMJ.[2]  Appellant raises two assignments of error to this court, both of which merit discussion but no relief. Additionally, those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

## BACKGROUND

During a criminal investigation, appellant confessed to Criminal Investigation Command (CID) Special Agent (SA) SKO:

> Prior to April 2010, I purchased one joint of Spice from PV2 [CZ] at his barracks room for about $20.  In August for my wife's birthday I bought two grams of cocaine from a guy at the Paradise Bar in Leesville, LA named JUAN – he was a customer for about $150.  In early January I sold about one gram of cocaine to [CZ] for $60.  We (my wife and I) had snorted the rest of it in August for her birthday.

For appellant's admitted misconduct, the government charged him with introducing cocaine onto Fort Polk, Louisiana in August 2010 with the intent to distribute, use of cocaine in August 2010, and distribution of cocaine in August 2010 as well as distribution of cocaine between about 1 January 2011 and about 1 February 2011.

At trial, SA SKO testified regarding her rights advisal to appellant, his informed and voluntary waiver of those rights, and the circumstances surrounding appellant's rendering of his confession.  At that point, the government moved for the admission of appellant's sworn statement.  The military judge asked for any objection, to which the defense counsel replied, "No objection, Your Honor."

During its case-in-chief, the government called various witnesses to meet its burden of proof.  Private (PVT) CZ testified that he was a drug addict and his unit, 687th Engineer Company, "had a huge drug problem."  He continued, "all the drug addicts went by the first name basis.  My name is Chris and we called him [appellant] Ian and things of that nature."  Private CZ then detailed that when he was being administratively separated from the Army, he was told to report to the installation legal (JAG) office on 1 February 2011 to sign for and pick up a written order not to re-enter or be found within the limits of Fort Polk (bar letter) following his discharge.  As appellant was PVT CZ's supervisor (appellant alternated during this time frame between being PVT CZ's team leader and squad leader), he escorted PVT CZ to retrieve the bar letter.  Upon leaving the JAG office, in one of their cars

---

[2] Oral argument in this case was heard in Washington, D.C. on 12 February 2014 at the George Washington University Law School as part of the Outreach Program of the United States Army Court of Criminal Appeals.

in the parking lot, PVT CZ purchased $60.00 worth of powder cocaine from appellant.

Private CZ detailed why this opportunity to obtain cocaine from appellant was not a particularly surprising turn of events. Prior to February 2011, appellant went to PVT CZ's quarters and gave him a "taste and try" of cocaine. Private CZ indicated that it came up in conversation during this "taste and try" that appellant's wife also used cocaine. The topic of appellant's wife's drug use stuck in PVT CZ's memory because he "knew that [appellant's] wife was pregnant or they were trying to have a baby and . . . I said, 'That's stupid.'" On that occasion, PVT CZ did not purchase any drugs but said, "Well payday is coming up." Accordingly, on 1 February 2011, PVT CZ knew appellant possessed cocaine available for purchase and decided to avail himself of that opportunity.

The government also moved for the admission of appellant's Defense Enrollment Eligibility Reporting System (DEERS) enrollment form, indicating his wife's birthday is in August. The military judge asked the defense if there was any objection. Being none, the form was admitted into evidence.

When the government rested its case, the defense moved for a finding of not guilty to the offenses of wrongful introduction in August 2010, wrongful distribution in August 2010, and wrongful use in August 2010. The defense posited that appellant's confession, at least to those three crimes, had not been adequately corroborated as required by Military Rule of Evidence [hereinafter Mil. R. Evid.] 304(g). The military judge denied the Rule for Courts-Martial [hereinafter R.C.M.] 917 motion in its entirety, specifically mentioning the DEERS form as well as discussing the corroborative value of PVT CZ's testimony not only to appellant's admitted distribution to PVT CZ but also to appellant's other admitted crimes. Specifically, the military judge opined:

> I think the statement, again in paragraph 1, specifically states that Sergeant Hauser states, in August he bought 2 grams of cocaine at the Paradise Bar in Leesville and then the next paragraph says in early January he sold about 1 gram of cocaine to [PVT CZ]; and the next paragraph, which ties these two things together, is the accused said, "We had snorted the rest of it," meaning part of the 2 grams that he bought in Leesville. I understand there's no – there isn't necessarily any direct evidence of an intent to distribute but that can be inferred from the circumstances. If he bought two, used one, and sold the rest there is some evidence that the panel could find that he brought one on the installation so he could sell the rest. It's clear he said

3

he bought it in Leesville and [PVT CZ] said he sold it to
him on post.

The defense then presented its case, basically portraying appellant as a good soldier and PVT CZ as a sub-standard and unreliable soldier. The defense theory was that PVT CZ falsely accused appellant of drug distribution to get back at appellant, his supervisor, for negatively counseling PVT CZ on numerous occasions and for creating a damning "paper trail" against him. Two facts, among others, became amply clear during the defense's presentation of evidence: appellant moonlighted off-post at the Paradise Bar in Leesville, and appellant and his wife, throughout the relevant time period, lived on-post.

The defense called both appellant and his wife to the stand. They both denied any and all illegal involvement with cocaine. Appellant testified he falsely confessed because he was scared that, if he did not admit to what he was suspected of, he would go to prison and lose his children. Appellant's wife not only denied using cocaine, but repeatedly denied admitting to a CID investigator that she had requested her husband obtain cocaine to snort on her birthday, that they had snorted the cocaine on her birthday, and that she did not like it.

After the defense rested, the government called CID investigator LM in rebuttal. Investigator LM testified that, during the investigation, he went to appellant's wife's civilian place of employment and interviewed her. According to Investigator LM's testimony, during that interview, appellant's wife recounted a story of the couple's illicit drug use consistent with appellant's confession. Although defense counsel objected to this testimony on the overruled grounds that the investigator, at this non-custodial interview of a potential witness, did not advise this civilian of her rights, there was no objection on the grounds of hearsay.

The military judge provided no instruction to the panel regarding either the permissible uses of prior inconsistent statements or the corroboration requirement for confessions. The defense specifically stated it had no objection to the given instructions or any request for additional instructions.

Now, on appeal, appellant alleges the military judge abused his discretion by denying defense's R.C.M. 917 motion as appellant's confession was uncorroborated, at least for the August 2010 offenses. Furthermore, appellant also alleges the military judge committed plain error by not instructing the panel that appellant's wife's prior inconsistent statement could only be considered for the purpose of impeachment, and not as substantive evidence of his guilt.

## LAW AND DISCUSSION

*Corroboration of Appellant's Confession*

The military judge admitted appellant's confession into evidence without objection. When the "defense fails to object to admission of specific evidence, the issue is waived, absent plain error." *United States v. Maynard*, 66 M.J. 242, 244 (C.A.A.F. 2008) (citing *United States v. Hardison*, 64 M.J. 279, 281 (C.A.A.F. 2008)); *See also* Mil. R. Evid. 103, 304(a). An error is plain only if that error is "clear or obvious." *United States v. Knapp*, 73 M.J. 33, 36 (C.A.A.F. 2014). Admitting a confession without any corroboration would be plain error under Mil. R. Evid. 304(g). But in this case there was corroboration, namely, PVT CZ's testimony and the DEERS form. Although appellant now argues this evidence was not enough to corroborate his confession under the low standard of Mil. R. Evid. 304(g)(1), we cannot say that this alleged insufficiency was "clear or obvious." Therefore, the military judge did not commit plain error by admitting appellant's confession into evidence.

However, admission of a confession and the weight to be given that confession when determining sufficiency upon review are two interrelated but separate questions.

> The corroboration rule seems to contemplate two different issues: First, if objected to, the military judge must . . . determine whether there is sufficient corroborating evidence to admit the statement, [Mil. R. Evid.] 304(g)(2); second, the trier of fact must consider the 'amount and type of evidence introduced as corroboration . . . in determining the weight, if any, to be given to the admission or confession.' [Mil. R. Evid.] 304(g)(1).

*United States v. Wilson*, 67 M.J. 423, 430 (C.A.A.F. 2009). Accordingly, although appellant waived the issue of his confession's admission into evidence absent plain error, review of the military judge's decision to deny the subsequent R.C.M. 917 motion, a motion made on the grounds of insufficient corroboration, is a different matter.

The applicable test for ruling on an R.C.M. 917 motion for a finding of not guilty is a simple question of sufficiency or insufficiency of the evidence to sustain a conviction. The standard for granting such a motion is an "absence of some evidence which, together with all reasonable inferences and applicable presumptions, could reasonably tend to establish every essential element of an offense charged." R.C.M. 917(d). In this case, this sufficiency test must be reviewed in light of the rules regarding corroboration of confessions. Simply put, convictions based solely on uncorroborated confessions must be set aside. *United States v. Duvall*, 47 M.J. 189 (C.A.A.F. 1997). "The general rule that an accused may not be convicted on his own uncorroborated confession" serves the purpose of

preventing "convictions based upon untrue confessions alone." *Smith v. United States*, 348 US 147, 152-53 (1954) (internal quotation marks and citations omitted).

At the outset of our review of the sufficiency of the independently admissible corroboration of appellant's confession, the military judge's denial of defense's R.C.M. 917 motion, and ultimately the factual and legal sufficiency of appellant's convictions, we note that we are not confined to the state of the evidence when the motion was made. Rule for Courts-Martial 917(g) states that even if "the motion for [a] finding of not guilty should have been granted," the findings do not have to be set aside "[i]f all the evidence admitted before findings, regardless by whom offered, is sufficient to sustain findings of guilty." We also acknowledge that our consideration of appellant's confession hinges upon its corroboration. Mil. R. Evid. 304(g).

As his confession to selling cocaine to PVT CZ in early 2011 was satisfactorily corroborated, appellant now alleges his confession to the earlier crimes in August 2010 of bringing cocaine onto Fort Polk with the intent to distribute it, the actual distribution of it to his wife, and his own use of that cocaine were not adequately corroborated. Confessions must be corroborated by "independent evidence, either direct or circumstantial . . . that corroborates the essential facts admitted to justify sufficiently an inference of their truth." Mil. R. Evid. 304(g). Our superior court has provided:

> The corroboration requirement for admission of a confession at court-martial does not necessitate independent evidence of all the elements of an offense or even of the corpus delicti of the offense. Rather, the corroborating evidence must raise only an inference of truth as to the essential facts admitted. Moreover, while the reliability of the essential facts must be established, it need not be done beyond a reasonable doubt or by a preponderance of the evidence.

*United States v. Seay*, 60 M.J. 73, 79 (C.A.A.F. 2004) (citing *United States v. Cottrill*, 45 M.J. 485, 489 (C.A.A.F. 1997)). In addition, "[b]oth [Mil. R. Evid.] 304(g) and *Cottrill* set forth a very low standard," *Seay*, 60 M.J. at 80, and "it is settled military law that the quantum of evidence needed to corroborate [a confession] 'may be very slight.'" *United States v. Grant*, 56 M.J. 410, 416 (C.A.A.F. 2002) (citing *United States v. Melvin*, 26 M.J. 145, 146 (C.M.A. 1988)). Generally speaking, the corroboration need only establish the confession is trustworthy. *See United States v. Rounds*, 30 M.J. 76, 80 (C.M.A. 1990) (citing *Opper v. United States*, 348 U.S. 84, 93 (1954)).

After resting and in response to defense's R.C.M. 917 motion, the government asserted that PVT CZ's testimony along with the DEERS enrollment form, showing that appellant's wife had an August birthday, were sufficient to render appellant's statement believable and truthful. At first blush, the month in which appellant's wife celebrates her birthday would seem either inconsequential or peripheral. However, if the converse had proven to be true, and for instance her birthday was actually in April, then that disconnect surely would have cast the confession's veracity in a more dubious light.

As to PVT CZ's testimony, his testimony regarding the amount of cocaine available for purchase is consistent with appellant's account of how much was acquired off-post in August 2010, how much he used concurrently with his wife, and how much he would have had left over. *See United States v. Seipelt*, ACM 31816, 1996 WL 493041, at *2 (A.F. Ct. Crim. App. 19 Aug. 1996) (distribution of eight "hits" of LSD is corroborative of appellant's confession to purchasing ten "hits" and using some of the now unaccounted for supply of drugs). We are cognizant that if the corroboration raises "an inference of the truth of some but not all of the essential facts admitted, then the confession . . . may be considered . . . only with respect to those essential facts" that are corroborated. Mil. R. Evid. 304(g). As the military judge pointed out, the corroborative link between appellant's interaction with PVT CZ in early 2011 and the earlier drug offenses is supplied by appellant himself when admitting the cocaine he distributed to PVT CZ was "the rest of it" from his previous drug purchase. Appellant cannot provide the connection between his multiple crimes and then cry foul when others choose to believe that nexus exists.

Furthermore, the subsequent distribution of the remaining cocaine was the final step in appellant's admitted continuous course of criminal conduct involving that amount of cocaine. "It strains credulity to believe that appellant would accurately confess" to distribution of cocaine but then fabricate how he acquired it and, in the process of that prevarication, falsely implicate his supportive wife. *Grant*, 56 M.J. at 417. As this court determined in *Grant*, corroboration of one criminal act may corroborate a series of other prior criminal acts. *Id*.

As explained earlier, our analysis is not limited to the state of the evidence as it existed at the close of the government's case. In his defense, appellant took the stand and provided sworn testimony, explicitly recanting his confession and explaining that he falsely confessed in order to protect his family. Leaving aside the logic of endeavoring to protect your family by accusing that unit's matriarch of criminal activity, the tactical decision to testify has evidentiary ramifications. An accused testifies at his own peril.

> "Defendants in criminal trials are not obliged to testify. And a defendant who chooses to present a defense runs a substantial risk of bolstering the Government's case."

7

> *United States v. Bennett,* 848 F.2d 1134, 1139 (11th Cir. 1988). "Most important, a statement by a defendant, if disbelieved by the jury, may be considered as *substantive evidence* of the defendant's guilt." *United States v. Brown,* 53 F.3d 312, 314 (11th Cir. 1995). . . . This Circuit said that "when a defendant chooses to testify, he runs the risk that if disbelieved the jury might conclude the opposite of his testimony is true." *Id.* (citations omitted).

*United States v. Pleasant*, 71 M.J. 709, 713 (Army Ct. Crim. App. 2012) (citing *United States v. Williams,* 390 F.3d 1319, 1325 (11th Cir. 2004)). "Where some corroborative evidence of guilt exists for the charged offense . . . and the defendant takes the stand in [his] own defense, the Defendant's testimony, denying guilt, may establish, by itself, elements of the offense." *Williams*, 390 F.3d at 1326. On the basis of all the evidence admitted before findings, the members were justified in concluding that appellant's testimony was not believable and that the falsity of his in-court assertions corroborated his earlier confession.

We now turn our attention to the lack of instruction by the military judge to the panel regarding the corroboration requirement. Similar to this case, in *United States v. Bridges*, "[a]t trial, the appellant did not suggest such an instruction. Therefore, absent plain error, the appellant forfeits the issue. The determination whether an admission or confession is adequately corroborated is made by the military judge. Mil. R. Evid. 304(g)(2)." *United States v. Bridges*, 52 M.J. 795, 801 (A. F. Ct. Crim. App. 2000). So, like the Air Force Court in *Bridges*, we find no error in not giving a specific instruction regarding corroboration." 52 M.J. at 802; *See also United States v. Seigle*, 22 U.S.C.M.A. 403, 407, 47 C.M.R. 340, 344 (1973). Furthermore, even without the benefit of a specific instruction, defense counsel still highlighted for the panel in closing argument that a confession is insufficient without adequate corroboration and argued that the government's case suffered from a lack of this required corroboration.

Appellant confessed his crimes. That confession was adequately corroborated by admissible independent evidence, properly admitted into evidence, and appropriately considered. Thus, the findings of guilty are factually and legally sufficient.

### *Wife's Prior Inconsistent Statement*

After appellant's wife had testified in defense of her husband and denied any illegal involvement with cocaine, the government called CID Investigator LM in rebuttal. He testified that he visited appellant's wife's place of business and discussed the allegations made by her husband of their collective use of cocaine on her birthday. According to Investigator LM, appellant's wife explained, "she had

mentioned to her husband that she wanted to try cocaine for her birthday and that he went out and got it, [and] brought it back to the residence here on Fort Polk. . . . They went upstairs and snorted lines of cocaine. She stated that she didn't like it."

While the defense objected on foundational grounds to Investigator LM recounting what he was told by appellant's wife, no hearsay objection was voiced. *See United States v. Reynoso*, 66 M.J. 208, 210 (C.A.A.F. 2008) (foundational objection was insufficient to preserve evidentiary issue on appeal). Also, the defense never asked the military judge to limit the consideration of the prior inconsistent statements to impeachment purposes. The general rule now is that where hearsay is admitted without objection, the fact finder may give that hearsay its natural probative value. *See* Mil. R. Evid. 802 analysis at A22-55; Dep't of Army, Pam. 27-9, Legal Services: Military Judge's Benchbook, para. 7-11-1 n.2 (1 Jan. 2010); *Cf. United States v. Zone*, 7 M.J. 21, 22 (C.M.A. 1979). Accordingly, the wife's prior inconsistent statement not only served to impeach her credibility but to corroborate her husband's confession. If the military judge had provided specific instruction concerning appellant's wife's prior inconsistent statements, given the lack of objection, the appropriate instruction would have only highlighted the potential substantive use of that evidence rather than limiting its use to solely impeachment purposes.

Turning to defense's decision to proceed in such a fashion, we note that failure to object to hearsay testimony at trial waives the issue for appeal, absent a finding of plain error. *United States v. Cox*, 45 M.J. 153, 156 (C.A.A.F. 1996); *United States v. Toro*, 37 M.J. 313, 316 (C.M.A. 1993). Plain error analysis should take into account the defense strategy. *See Toro*, 37 M.J. at 317. In this case, the defense's approach to the conversation between appellant's wife and Investigator LM was twofold. The defense portrayed appellant's wife as scared, falsely-implicated, and whose denial of any wrongdoing should be believed. On the other hand, defense counsel painted Investigator LM as an overbearing, aggressive, rights-infringing government agent whose account of appellant's wife's admissions was fiction. Through that lens, the defense's lack of objection and request for limiting instruction may have served some tactical purpose. Basically, if the panel believed appellant's wife's testimony at trial, then the government would only hurt its prosecution of this case by having Investigator LM present evidence contrary to appellant's wife's testimony. As such, no error occurred, plain or otherwise.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Judge CAMPANELLA and Judge MAGGS concur.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court